# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

WILLIAM MACK EUBANKS                                                          PETITIONER

v.                        NO. 5:13CV00101 SWW/HDY

RAY HOBBS, Director of the                                           RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, Arkansas 72201-3325

DISPOSITION

The record reflects that a Franklin County, Arkansas, Circuit Court jury convicted petitioner William Mack Eubanks ("Eubanks") of rape and sentenced him to life imprisonment. He appealed his conviction and maintained, inter alia, that the trial court erred by "admitting testimony regarding alleged prior sexual misconduct pursuant to the 'pedophile exception.'" See Eubanks v. State, 2009 Ark. 170, 303 S.W.3d 450, 451 (2009). The Arkansas Supreme Court found no reversible error and affirmed his conviction.[1]

Eubanks then filed a petition for post-conviction relief pursuant to Arkansas Rule

---

[1]

With regard to Eubanks' challenge to the admission of evidence pursuant to the "pedophile exception," the state Supreme Court found the following:

> During Eubanks's trial, the circuit court allowed testimony from another young woman, R.E., who testified that she had also been molested by digital penetration by Eubanks when she was a child. Eubanks contends that R.E.'s testimony was improper under Rule 404(b) because the evidence was offered to serve no other purpose than to demonstrate that he must have committed the same acts against S.T. and because he did not have an intimate relationship with her as the pedophile exception requires. …
>
> …
>
> Eubanks argues that the pedophile exception does not apply here because a parental relationship did not exist between him and R.E. This court has specifically rejected a requirement that the alleged victim of a prior bad act be a member of the defendant's family or household for the evidence to be ruled admissible under the pedophile exception. [Citations omitted]. Here, the State sufficiently established the existence of the required intimate relationship between R.E. and Eubanks. R.E. testified that as a child her mother had been friends with Eubanks's wife and that she was friends with their child, Chris. She and Chris became friends when R.E. was about five or six years old. The two would spend the night together frequently, and R.E. often spent the night in Eubanks's home. The alleged molestation that R.E. testified about did not occur until R.E. was eight or nine—illustrating that R.E. frequently spent the night at Eubanks's home under the care of him and his wife for several years. We hold that this evidence is sufficient to demonstrate a relationship "close in friendship or acquaintance, familiar, near, or confidential." [Citation omitted].

See Eubanks v. State, 303 S.W.3d at 452-453.

of Criminal Procedure 37 and challenged his trial attorney's representation, in part, because counsel failed to raise a speedy trial claim and failed to mount a constitutional challenge to the "pedophile exception." The trial court denied the petition, and Eubanks appealed. The state Supreme Court found no reversible error and affirmed the denial of his petition. See Eubanks v. State, 2012 Ark. 142, 2012 WL 1130583 (2012).[2]

Eubanks commenced the case at bar by filing a petition pursuant to 28 U.S.C.

---

[2]

As to Eubanks' claims that counsel failed to raise a speedy trial claim and failed to mount a constitutional challenge to the "pedophile exception," the state Supreme Court found the following:

> Eubanks first asserts that the circuit court erred in excusing counsel's failure to assert Eubanks's right to a speedy trial. Eubanks's first trial on November 15 and 16, 2006, resulted in a mistrial. At the hearing on Eubanks's Rule 37 petition, the State argued that he had been brought to trial the first time within 320 days of his arrest. Eubanks agreed that he had been brought to trial within one year. … There is no issue on speedy trial with respect to the first trial.
>
> Where a defendant is retried following a mistrial, the time for trial begins to run from the date of the mistrial. [Citation omitted]. Eubanks's retrial commenced on March 20, 2008, 491 days after the mistrial.
>
> …
>
> [Citation omitted]. Eubanks moved for and was granted a continuance from October 4, 2007 to March 20, 2008. This constituted a delay of 168 days attributable to Eubanks. [Citation omitted]. Subtracting this period of delay from 491 days means that Eubanks's trial commenced on day 323. Because he was brought to trial within one year from the date of the mistrial there is no violation of his right to a speedy trial. [Citation omitted]. Therefore, the circuit court was not clearly erroneous and we affirm its conclusion that Eubanks failed to show that his trial counsel was ineffective for failure to assert a violation of his right to a speedy trial.
>
> Eubanks next asserts that trial counsel was ineffective for failure to make a constitutional challenge to the use of the pedophile exception in admission of evidence. This court recently reaffirmed application of the exception, stating that "[t]his court's precedent has recognized a 'pedophile exception' to this rule, … We therefore cannot conclude that the failure to make a constitutional challenge to an established evidentiary rule constitutes an error so serious that "counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." [Citation omitted].

See Eubanks v. State, 2012 WL 1130583 at 1-2.

2254. In the petition, he raised the following two claims: (1) his trial attorney was ineffective because he failed to challenge the constitutionality of the "pedophile exception," and (2) trial counsel and the attorney who represented Eubanks in the Rule 37 proceeding were ineffective because they failed to "properly raise and argue a state speedy trial claim," see Document 1 at 7.

Respondent Ray Hobbs ("Hobbs") responded to the petition by asking that it be dismissed because the claims contained in it are allegedly without merit. With respect to counsel's failure to challenge the "pedophile exception," Hobbs maintained that counsel was not ineffective because such a challenge would have failed. Moreover, Hobbs maintained that the constitutionality of the "pedophile exception" is unsettled, and "counsel is not ineffective for declining to object based on an unsettled question of Arkansas law." See Document 11 at 13. With respect to Eubanks' other claim, i.e., his trial attorney and Rule 37 counsel failed to raise a state speedy trial claim, Hobbs maintained that Eubanks was tried within the requisite period of time, and such an challenge would have failed on its face.[3]

Having reviewed the record, the undersigned finds that Eubanks' claims warrant no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

Eubanks first maintains that his trial attorney was ineffective because counsel

---

[3] Eubanks thereafter submitted a brief reply.

failed to challenge the constitutionality of the "pedophile exception." Eubanks acknowledges that the claim was "raised and rejected" in the Rule 37 proceeding, see Document 1 at 4, but he maintains that the adjudication of the claim was an unreasonable application of clearly established federal law. Eubanks also appears to raise a related claim, that being, the introduction of the evidence involving the other child violated Eubanks' right to due process and counsel was ineffective for failing to pursue a due process challenge to the introduction of the evidence.

The disposition of this claim is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law.[4] Second, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.[5]

The disposition of Eubanks' claim is also governed by Strickland v. Washington, 466

---

[4] In Armstrong v. Hobbs, 698 F.3d 1063, 1065-1066 (8th Cir. 2012) (internal quotations omitted), the Court of Appeals articulated the "contrary to" and "unreasonable application" standards as follows:

> A decision is contrary to clearly established federal law if it arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law, or if it confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court.] [Citation omitted]. A decision is an unreasonable application of clearly established federal law if [it] is clearly erroneous, that is, if no fairminded jurists could disagree on the correctness of the state court's decision. [Citations omitted].

[5] Under this standard, "a state court's determination on the merits of a factual issue is entitled to a presumption of correctness." See Boyd v. Minnesota, 274 F.3d 497, 500 (8th Cir. 2001).

U.S. 668 (1984). It requires the petitioner to make the following two-part showing: first, that counsel's representation fell below an objective standard of reasonableness, and second, the error or errors were prejudicial. Taken together with 28 U.S.C. 2254(d), <u>Strickland v. Washington</u> establishes a "doubly deferential standard of review." <u>See</u> <u>Williams v. Roper</u>, 695 F.3d 825, 831 (8th Cir. 2012) (internal quotation omitted).

Eubanks has not shown that the state Supreme Court's adjudication of the claim resulted in a decision that involved an unreasonable application of clearly established federal law.[6] The court recognized that the "pedophile exception" had been reaffirmed; applied clearly established federal law on the question of counsel's representation, <u>i.e.</u>, <u>Strickland v. Washington</u>; and concluded that counsel's failure to make a constitutional challenge to an established evidentiary rule was not so serious as to violate the Sixth Amendment. No fair-minded jurists could disagree on the correctness of the court's decision. Although Eubanks would have counsel raise every conceivable constitutional argument, including one unsettled like the constitutionality of the "pedophile exception" apparently is, "counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts ... cannot render his performance professionally unreasonable." <u>See</u> <u>Fields v. United States</u>, 201 F.3d 1025, 1028 (8th Cir. 2000).

Eubanks also appears to raise a related claim, that being, the introduction of the

---

[6] Eubanks has also not shown that the state Supreme Court's adjudication of the claim resulted in a decision that was contrary to clearly established federal law. In addition, he has not shown that the state Supreme Court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

evidence pursuant to the "pedophile exception" violated his right to due process and counsel was ineffective for failing to pursue a due process challenge to the introduction of the evidence. This claim warrants no relief for at least two reasons. First, the claim is not adequately developed. It is only mentioned in one sentence of his petition and in two sentences of his reply. Second, Eubanks has cited no authority for the proposition that the "pedophile exception" violates due process. He has cited no authority for the proposition that the introduction of the other chid's testimony pursuant to the exception was so prejudicial it fatally infected the trial and deprived Eubanks of fundamental fairness. See Bailey v. Lockhart, 46 F.3d 49, 50 (8th Cir. 1995). See also Taylor v. Norris, 2005 WL 2367747 (E.D.Ark. 2005) (Cavaneau, J.) (discussing "pedophile exception").

Eubanks next maintains that his trial attorney and the attorney who represented Eubanks in the Rule 37 proceeding were ineffective because they failed to raise a state speedy trial claim, the former by failing to raise it on direct appeal and the latter by failing to challenge trial counsel's representation on that basis in the Rule 37 proceeding. Eubanks supports his claim with the following assertion:

> … In this case, there are two separate speedy trial intervals-before the first trial and between the first and second trials. … There is no dispute that [the] interval between the mistrial [or first trial] and the second trial had sufficient excluded periods. The issue presented here is whether there was a speedy trial violation before the first trial …

See Document 1 at 8.

The disposition of this claim is also governed by 28 U.S.C. 2254(d) and Strickland

v. Washington. Eubanks has not shown that the state Supreme Court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The appellate court found that there was no state speedy trial violation for one simple reason: Eubanks' counsel in the Rule 37 proceeding conceded that there was no speedy trial violation, and Eubanks is bound by the concession. He challenges his attorney's representation in the Rule 37 proceeding, but the challenge does not warrant any relief for at least two reasons. First, "'a petitioner cannot claim constitutionally ineffective assistance of counsel in [a post-conviction] proceeding.'" See Kemp v. Hobbs, 2012 WL 2505229 at 9 (E.D.Ark. 2012) (Marshall, J.) [quoting Coleman v. Thompson, 501 U.S. 722, 752 (1991)].[7] Second, even assuming that there is such a right, counsel was not ineffective because the state Supreme Court's findings of fact on the speedy trial issue are entitled to a presumption of correctness, and Eubanks has not overcome that presumption.

Given the foregoing, the undersigned finds that Eubanks' claims warrant no relief. It is therefore recommended that his petition be dismissed, all requested relief be

---

[7]

Judge Marshall noted in Kemp v. Hobbs that the United States Supreme Court decision in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), did not change the controlling law. In Martinez v. Ryan, the Court declined to resolve "'whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial.' [Citation omitted]. Instead, the Court 'qualifie[d] Coleman by recognizing a narrow exception: Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.'" See Kemp v. Hobbs, 2012 WL 2505229 at 9. The United States Supreme Court decision in Trevino v. Thaler, — U.S. —, 133 S.Ct. 1911, 185 L.Ed.2d 1044 (2013), did not change that statement of the controlling law.

denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

DATED this ___10___ day of October, 2013.


_____
UNITED STATES MAGISTRATE JUDGE